995 F.2d 1065
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jamal WHEELER, a/k/a Henry Thomas, Defendant-Appellant.
 No. 92-5332.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: November 25, 1992
Decided: June 9, 1993
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert J. Staker, District Judge. (CR-91-364)
 James E. Spurlock, Huntington, West Virginia, for Appellant.
 Michael W. Carey, United States Attorney, Paul T. Farrell, Assistant United States Attorney, Huntington, West Virginia, for Appellee.
 S.D.W.Va.
 AFFIRMED.
 Before PHILLIPS, WILKINSON, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Jamal Wheeler pled guilty to violating 21 U.S.C.s 846 (1988), conspiring to distribute a cocaine base in violation of 21 U.S.C. § 841(a)(1) (1988). Wheeler's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising one issue but indicating that, in his view, there are no meritorious issues for appeal. After a thorough review of the parties' briefs and the record, we affirm.
 
 I.
 
 2
 The district court found that Wheeler's guilty plea of conspiring to distribute a cocaine base in violation of § 841(a)(1) was informed, voluntary, and with the effective assistance of counsel. For sentencing purposes, the government and Wheeler stipulated that the quantity of cocaine base Wheeler possessed with the intent to distribute was between 50 and 150 grams. Although the court held that the appropriate offense level under section 2D1.1(a)(3) was 32,[1] it granted a two-point reduction for acceptance of responsibility under section 3E1.1(a). Pursuant to section 4A1.2(d), the judge increased Wheeler's criminal history category by two points for his prior state conviction of possession of a controlled substance.[2]
 
 
 3
 Based on a total offense level of 30 and a criminal history category of II, the district court sentenced Wheeler to 108 months of incarceration[3] and three years of supervised release, and ordered him to pay a fine of $2,000 and a special assessment of $50.
 
 
 4
 Wheeler's counsel has filed an Anders brief in which he questions whether the district court improperly considered Wheeler's teenage conviction of possession of a controlled substance as the basis to increase his criminal history level by two points. We find no error, and affirm the conviction and sentence.
 
 II.
 
 5
 Wheeler argues that the court should not have considered his 1988 criminal conviction of possession of a controlled substance because he was a juvenile at the time of the offense. Wheeler's argument is meritless for two reasons. First, regardless of Wheeler's age at the time he committed the possession offense, the state court sentenced him as an adult to six months incarceration because of his previous criminal involvement in the unauthorized use of a motor vehicle. Second, section 4A1.2(d) provides for a two-point enhancement "for adult or juvenile sentence to confinement of at least sixty days if the defendant was released from such confinement within five years of his commencement of the instant offense." U.S.S.G. § 4A1.2(d) (emphasis added).
 
 
 6
 Wheeler previously had been incarcerated for six months and was released within five years of commencing to distribute a cocaine base. Thus, the district court did not err by adding two points to Wheeler's criminal history level for his conviction of possession of a controlled substance.
 
 
 7
 In accordance with the requirements of Anders, we have examined the entire record in this case and find no meritorious issues for appeal. We therefore affirm the district court. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964 (See 18 U.S.C.A. § 3006A (West 1985 & Supp. 1992)), this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review.[4] If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari.
 
 
 8
 We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual, § 2D1.1(a)(3) (Nov. 1991). Wheeler was sentenced May 1, 1992
 
 
 [2]
 Wheeler had previously been arrested and charged with the criminal sale and possession of a controlled substance, and the criminal impersonation of another person. In February 1988, Wheeler pled guilty to possession of a controlled substance in the 7th degree. The state court refused to grant Wheeler Youthful Offender Status because of his previous criminal involvement in the unauthorized use of a motor vehicle. Therefore, the state court sentenced him as an adult to six months incarceration to run concurrent with his previously imposed youthful offender sentence of six months
 
 
 [3]
 The corresponding guideline imprisonment range is 108 to 135 months
 
 
 [4]
 In addition, we deny counsel's motion to withdraw